IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MILDRED ARCE,                  :    CIVIL ACTION
                               :    NO. 08-4837
            Plaintiff,         :
                               :
     v.                        :
                               :
MICHAEL J. ASTRUE,             :
Commissioner of the            :
Social Security                :
Administration,                :
                               :
            Defendant.         :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          December 3, 2009

    Before the Court are objections to a Report and
Recommendation submitted by Magistrate Judge Timothy R. Rice,
recommending that the motion for summary judgment filed by
Plaintiff Mildred Arce ("Plaintiff") be denied and judgment be
granted in favor of the Defendant Michael Astrue, Commissioner of
the Social Security Administration ("Defendant").[1] For the

---

[1] Procedurally, before summary judgment may be granted
against a party, the party against whom summary judgment is
sought must be on notice and must be afforded the opportunity to
respond. See DL Res., Inc. v. FirstEnergy Solutions Corp., 506
F.3d 209, 223 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(c))
(internal citations omitted)).

    Here, the Report and Recommendation recommended the
entry of judgment against Plaintiff. Moreover, Defendant's
response to Plaintiff's request for review expressly requested
the entry of judgment against the Plaintiff. See Def.'s Resp. to
Pl.'s Mot. Summ. J. 22. Plaintiff then replied to Defendant's
response to the request for review. See Pl.'s Reply to Def.'s

reasons that follow, the objections will be overruled and the recommendation will be adopted.

I. **INTRODUCTION**

   A. Factual Background

   Born on August 3, 1951, Plaintiff completed her education through the eighth grade and does not read, write or speak English fluently. See Pl.'s Mot. Summ. J. at 2. Plaintiff lives at home with her daughter, age 20, disabled son, age 34, and pet birds. See Rep. and Recommendation. Plaintiff has a limited work history, which includes providing child care to a neighbor from 2000 to 2008,[2] and has no relevant work experience in relation to the claims at bar.

   Plaintiff avers that, beginning on March 10, 2006, she began to suffer from the following physical and mental ailments: osteoarthritis of the lumbar spine,[3] hypertension, insulin

---

Resp. to Pl.'s Mot. Summ. J. Therefore, Plaintiff here was on notice that judgment was being sought against her and was afforded an opportunity to respond.

[2] Plaintiff no longer works and avers that this is because she has no found other children in need of care and due to her physical and mental impairments. Id. at 6.

[3] Osteoarthritis:

- Definition: Degenerative joint disease (most common joint disorder)
- Symptoms: Pain aggravated or triggered by activity
- Diagnosis: Confirmed by x-rays

dependent diabetes mellitus[4] and depression. See Pl.'s Mot. Summ. J. at 3.[5] Plaintiff alleges that, due to these ailments, she suffers "severe impairment" under the Social Security Act ("SSA") and that the ALJ determination should be overturned as unsupported by the evidence. Id. Plaintiff was 56-years-old at the time of the ALJ decision.

B. Procedural History

Plaintiff Mildred Arce ("Plaintiff") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for Disabled Widows Benefits ("DWB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 401 et seq.

---

| | - Treatment: | Physical measures, such as rehabilitation, drugs, and surgery |

Id.

[4] Diabetes Mellitus:

| | - Definition: | Impaired insulin secretion and variable degrees of peripheral insulin resistance |
| | - Symptoms: | High blood sugar |
| | - Treatment: | Diet, exercise, and drugs to control glucose levels |

Id.

[5] Plaintiff has never attended physical therapy. See Rep. and Recommendation at 6.

-3-

Prior to Plaintiff filing suit with this Court, she pursued the appropriate administrative avenues. See Pl.'s Mot. Summ. J. at 2. Plaintiff first filed her application for DWB and SSI on December 1, 2006, which was initially denied. Plaintiff timely filed a request for an evidentiary hearing and was heard before Administrative Law Judge Javier Arrastia ("ALJ"), who found that Plaintiff was not disabled within the meaning of the SSA and denied her claims. On September 9, 2008, the Appeals Council denied Plaintiff's timely Request for Review of the ALJ decision, affirming denial of her claims.

On October 9, 2008, Plaintiff initiated this action, challenging denial of her disability claims and the Commissioner filed his answer, affirming the decision that Plaintiff is not disabled and, therefore, is not entitled to either DWB or SSI benefits. On March 9, 2009, Plaintiff filed a motion for summary judgment, requesting that this Court review the ALJ's denial, to which the Defendant responded and Plaintiff subsequently replied. Following submission of those pleadings, this case was referred to Magistrate Judge Rice for a report and recommendation on the matter.

On July 27, 2009, Magistrate Judge Rice issued a report, recommending affirmation of the ALJ's decision and denial of Plaintiff's claims. Plaintiff, on August 31, 2009, responded with objections to Magistrate Judge Rice's Report and

Recommendation and Defendant filed a response shortly thereafter. The case is now ripe for adjudication.

## II. ANALYSIS

### A. Legal Standard

This Court undertakes a _de novo_ review of the portions of the Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's final determination that a person is not disabled[6] and therefore not entitled to

---

[6] A claimant is "disabled" if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 416.905, 404.1505. Once the claimant satisfies her burden by showing an inability to return to her past relevant work, the burden shifts to the Commissioner to show the claimant, given her age, education, and work experience, has the ability to perform specific jobs existing in the economy. 20 C.F.R. §§ 416.920, 404.1520; see Rutherford v. Barnhart, 399 F.3d 546, 551 (3d Cir. 2005).

For a widow to be eligible under DWB, the inability must be based solely on a physical or mental impairment. 20 C.F.R. § 404.1577 (differing standard from SSI disability, under 20 C.F.R. 404.1520(e)) where the claimant's inability can be found within the context of the claimant's age, education, and vocational background). Here, the difference is irrelevant since

Social Security benefits, the Court is precluded from independently weighing the evidence or substituting its own conclusions for those reached by the ALJ. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the Court must review the factual findings presented in order to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); Rutherford, 399 F.3d at 552.

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (internal quotations and internal quotation marks omitted). "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence'" id. (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1149 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted); see also Rutherford, 399 F.3d at 552 ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'") (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)).

---

only Plaintiff's mental and physical impairments were evaluated. See Rep. and Recommendation at 2.

B.  Objections to Magistrate Judge Rice's Report and Recommendation[7]

After reviewing the ALJ's determination, Magistrate Judge Rice concluded that (1) the ALJ's finding that Plaintiff's physical and mental impairments were not "severe" is supported by substantial evidence; and (2) the ALJ did not have a duty to further develop the record by obtaining updated files from Plaintiff's treating doctor as the record was adequately developed.

Generally, the thrust of Plaintiff's objections to the Report and Recommendation reiterates the arguments made in Plaintiff's motion for summary judgment regarding the deficiencies of the ALJ's decision. Specifically, Plaintiff objects to the ALJ's contention that her claims were "too vague" (i.e., lacked "medical definiteness") to determine whether her alleged physical medical infirmities were the cause of her inability to work. See Pl.'s Reply at 9.

First, Plaintiff attacks the ALJ's determination that her necessary insulin intake was not sufficiently supported by

---

[7] A magistrate judge must accept factual findings of the Commission as conclusive if supported by "substantial evidence." Richardson v. Perales, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)("leniency [should] be shown in establishing claimant's disability")(internal citations omitted).

medical records. Plaintiff maintains that the Disability Report completed at the SSA office exactly identified her limitations. Id. at 8 ("My diabetes makes me tired and weak. I sleep on the sofa . . . [and] pee in a bucket to not have to walk upstairs. My daughter attends college and I have to call her constantly for my medication and to shop for groceries. There are days I can't do anything so she had to be with me all day. My daughter normally does my hair."). Second, Plaintiff contends that both x-ray and radiological evidence prove that she suffers from arthritis. Id. Third, Plaintiff argues that, because the ALJ did not obtain current medical records, his determination that the diabetes diagnosis was unsupported was an error. Finally, Plaintiff argues that the ALJ erred by not taking her dizziness resulting from hypertension into consideration. Id. at 10.

As to recognition of her mental impairments, Plaintiff argues that the ALJ over-emphasized the notation made in an initial questionnaire Plaintiff submitted during a comprehensive biopsychosocial evaluation at Nueva Vida Behavioral Health Center ("Nueva Vida") referencing her pending SSI application. There, the psychiatrist noted that Plaintiff suffered "[a] mild to moderate level of depression and anxiety and possible insomnia" and that "problem solving is poor in specific areas." Id. Plaintiff points to her weekly therapy session notes, from the January 10, 2008 through March 26, 2008, describing her as

"preoccupied, anguished, forgetful, sad, [and] nervous" as observations of her "severe" mental condition. Id. Plaintiff contends that her work ability has been severely limited by the aforementioned physical and mental impairments. Id. at 14.

> 1. The ALJ's finding that Plaintiff's physical and mental impairments were not "severe" is supported by substantial evidence.

### (a) Physical Impairments

Plaintiff avers that she suffers from osteoarthritis of the lumbar spine, hypertension, and insulin dependent diabetes mellitus. The ALJ found that Plaintiff did not have severe physical ailments, a conclusion with which Magistrate Judge Rice concurred. See Rep. and Recommendation at 10.

Plaintiff provided the ALJ with evidence of physical limitations, claiming that she cannot complete "basic work activities" due to their severity. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating it is claimant's burden to present medical findings that show his [or her] impairment matches or is equal in severity to a listed impairment); see also Lisowicz v. Barnhart, 47 Fed. Appx. 629, 632 (3d Cir. 2002) (non-precedential opinion) (finding that, to satisfy the burden, a claimant's statements must be accompanied by additional evidence).

To be considered severe, a physical impairment must impede the ability to do "basic work activities" such as:

walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling, seeing, hearing, speaking and understanding, and carrying out and remembering simply instructions. 20 C.F.R. §§ 416.920(c); 404.1520; 416.921(b); 404.921(b). A non-severe impairment is a "slight abnormality . . . which would have no more than a minimal effect on an individual's ability to do work," regardless of age, education and work experience. Bowen, 482 U.S. at 154 n.12 (1987).

Plaintiff provided evidence of the severity of her physical impairments in the form of complaints of dizziness (to demonstrate severe hypertension), x-rays (showing mild osteoarthritic changes with some prominent spurring but no space narrowing), medication prescriptions[8] and radiological documentation. However, the ALJ found little evidence to support a finding of "severe" impairments that impede Plaintiff's ability to do work.

First, Plaintiff's hypertension is controlled with medication. Second, Plaintiff's osteoarthritis was diagnosed as "mild" and, though she experiences some fatigue and back pain, the ALJ noted that she had not been referred to a specialist to cope with the pain or injury itself. See Rep. and Recommendation at 12. The ALJ further found, after reviewing Plaintiff's

---

[8] From October 19, 2006 through December 4, 2006, Dr. Levyn treated and diagnosed Plaintiff, prescribing Naproxen for back pain and Lotrel for hypertension (high blood pressure).

-10-

medical records, that her osteoarthritis had "few clinical indications of significant symptomatology." Third, the ALJ acknowledged Plaintiff's claim of suffering from diabetes mellitus and necessary insulin diagnosed by a subsequent treating physician, Dr. Abramson.[9] However, the ALJ found no justification for Dr. Abramson's assessment, as Plaintiff's treatment and progress did not match the diagnosis. In arriving at that conclusion, the ALJ reviewed Plaintiff's living situation, ability to care for herself, contents of her completed disability questionnaires, and her extensive child care duties, personal hobbies and lifestyle. Magistrate Judge Rice found that "the ALJ squarely addressed the medical evidence and Plaintiff's statements." Id. at 14.

Additionally, various discrepancies exist in Plaintiff's recitation of symptoms and resulting disabilities.[10]

---

[9] Pursuant to the relevant administrative framework, an ALJ may not reject outright the opinions of a treating physician only on the basis of contradictory medical evidence, but may afford a treating physician more or less weight dependent upon the extent to which supporting explanations are provided. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). A treating physician's opinion on the nature and severity of an impairment will be given controlling weight only where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001).

[10] Though not stated outright, the ALJ noted that Plaintiff's credibility seemed somewhat diminished by the conflicting nature of her testimony. Van Horn v. Schweiker, 717

For example, at the hearing on April 4, 2008, Plaintiff testified that her diabetes required insulin; however, no evidence actually established that Plaintiff was prescribed or was dependent on insulin for the diabetes mellitus diagnosis. See Rep. and Recommendation at 6.

Another time, in a 2007 disability report, Plaintiff first stated that she had no difficulty "sitting, standing, walking, using hands, or concentrating" and that she only had difficulty with regard to the English language. Id. at 7. Yet, on a separate disability questionnaire, Plaintiff's daughter described a "more serious" situation wherein Plaintiff (a) "slept on the sofa and peed in a bucket" due to an inability to climb stairs, (b) required her daughter's care all day due to a total inability to "do anything," (c) could not be on her own for more than ten to fifteen minutes at a time, and (d) experienced immovable, cramping hands during cold weather. Id. In contrast, as Magistrate Judge Rice noted, Plaintiff subsequently testified that she is able to take public transportation daily and attends church three times a week.

Finally, Plaintiff first testified that she did not work as she was unable to find other children in need of care,

---

F.2d 871, 873 (3d Cir. 2003) (credibility determinations as to a claimant's testimony are reserved for the ALJ). Further, because an ALJ is charged with observing a witness' demeanor, the findings on credibility must be accorded great weight and deference. Roofer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003).

but later testified that she is unable to work due to dizziness and continuous medical appointments. Id.

For the aforestated reasons and in accordance with Magistrate Judge Rice's Report and Recommendation, substantial evidence supports the ALJ's determination that her alleged physical impairments were "non-severe" and did not affect her "basic work ability."

### (b) Mental Impairments

Plaintiff avers that she suffers from depression. The ALJ found that though Plaintiff may suffer from some mental tension, she does not suffer from a "severe" mental impairment; Magistrate Judge Rice affirmed.

Here, the ALJ gave credit to Plaintiff's initial comprehensive evaluation with her therapist at Nueva Vida, noting that Plaintiff's "affect had a possibility level of instability, mild level of depression, and anxiety" in relation to having no financial support and inability to work by caring for children. See Rep. and Recommendation at 15. The ALJ also considered Plaintiff's GAF score of 40,[11] but found it unsupported by the record and found that progress notes from her therapy session suggested "symptom magnification" as the session was part of

---

[11] GAF scores (out of a possible 100 points) reflect a mental health specialist's assessment of the severity of a patient's mental health on a particular day, and are necessarily based on the patient's state of mind and self-reported symptoms. See Rep. and Recommendation at 15 (internal citations omitted).

Plaintiff's SSI application. Id; see Colon v. Barnhart, 424 F. Supp. 2d 805, 912 (E.D. Pa. 2006) (requiring the ALJ to determine whether the [GAF] scores were consistent with his finding and to provide reasons if he determined the scores were inconsistent).

Federal regulations provide that the determination of whether a particular medical or psychological condition "meets or equals" the requirements of a listed impairment is a medical judgment, made at the initial and reconsideration levels of administrative review by the Commissioner's designated physicians and consultative medical specialists. See 20 C.F.R. § 416.926.[12]

Here, as identified in the Report and Recommendation, the ALJ cited substantial medical and non-medical evidence to support the determination that Plaintiff did not meet the "B" Criteria of Section 12.00C of the Listings of Impairments.[13]

First, the ALJ found that Plaintiff's mental impairment did not meet the "B" criteria for a mental disorder as the record demonstrated "no more than [a] mild limitation in the first three areas, and no limitation in the fourth area." See Rep. and

---

[12] As Magistrate Judge Rice found, a diagnosis is insufficient to establish severity. Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 (3d Cir. 2007) (non-precedential opinion); see Plummer, 186 F.3d at 434 (mere presence of a diagnosis does not automatically indicate a severe disability).

[13] Section 12.00C of the Listing of Impairments states disability regulations and, in particular, sets out broad functional areas for evaluation of mental disorders: daily living, social functioning, or concentration, persistence, pace, or decompensation. 20 C.F.R., Part 404, Subpart P, Appendix 1.

Recommendation at 16. The ALJ's determination, moreover, is supported by Plaintiff's ability to attend church three times weekly, take public transportation daily, maintain a household, and care for children should work arise. Id.

Second, the ALJ retains the discretion to determine the relative weight to be accorded to available medical opinions and is required to review submitted medical evidence in determining an individual's impairment from both "acceptable medical sources" and other healthcare providers who are not "acceptable medical sources." See 20 C.F.R. §§ 416.927(d), 404.1502, and 416.912.[14] Here, the ALJ acknowledged Plaintiff's claim of "depression, anxiety, and possible insomnia" as well as treatment notes taken by Plaintiff's mental health professional, Xiomara Messina, of "her confusion, forgetfulness, nervousness, and depression." See Rep. and Recommendation at 16. However, the ALJ disputes the severity of Plaintiff's claims and "was not required to defer to the opinion of therapist Messina, a non-acceptable medical source under the Commissioner's regulations." Id. (citing 20 C.F.R. § 416.913. 404.1513); see, e.g., Hartranft, 181 F.3d at 361 (holding that a chiropractor's opinion is "not 'an acceptable medical source' entitled to controlling weight.") (quoting 20

---

[14] Although an opinion from a "not accepted medical source" can, under certain limited circumstances, outweigh the opinion from a medical source, the ALJ need only consider evidence from such a non-medical source with the available evidence as a whole. Hartranft, 181 F.3d at 361.

-15-

C.F.R. § 416.913).

Third, Plaintiff's evidence of her mental limitations is based primarily upon her own testimony. These statements alone are insufficient and fail to establish whether she meets or medically equals the "B" criteria. See Bowen, 482 U.S. at 146 n.5 (stating that it is claimant's burden to present medical findings that show his impairment matches or is equal in severity to a listed impairment). Further, the ALJ is not required to give Plaintiff's self-reported symptoms controlling weight simply by virtue of their reproduction in her treating physician's report. See Lisowicz, 47 Fed. Appx. at 632 (noting that "a claimant's statement of symptoms will not establish an impairment without additional evidence") (citing 20 C.F.R. § 416.908); see also Williams, 970 F.2d at 1185 n.17 (while "professional medical reports, once received in evidence, may not be totally ignored, despite having been prepared by a claimant's attending physician . . . such medical reports, as well as others, may be suspect . . .") (internal citations omitted).

Based upon the above evidence cited by the ALJ, the decision, when read as a whole, demonstrates that the ALJ carefully considered the "B" criteria and found that the criteria were not met. Accordingly, and consistent with Jones, there is substantial evidence in support of the ALJ's determination that Plaintiff's mental impairment was not "severe."

2. The ALJ had no duty to further develop the record by obtaining updated files from Plaintiff's treating doctor as the record was adequately developed.

Plaintiff argues that the ALJ had a duty to obtain further medical records in order to determine whether "overwhelming evidence demonstrates her mental impairments have more than a minimal impact on her ability to function in a competitive workplace." See Rep. and Recommendation at 14. The ALJ found that upon considering Plaintiff's record and submitted evidence, her "alleged symptoms and limitations are so vague and nonspecific that it is difficult to say" whether her medical diagnosis was a proximate result of her ailments and the resulting impact on her work ability. See Rep. and Recommendation at 17.

The ALJ based the disability determination on a sufficiently developed record,[15] and therefore, had no further duty to inquire as to Plaintiff's medical conditions. Homes v. Barnhart, 2007 WL 951637, at *7 (E.D. Pa. Mar. 26, 2008). While both the claimant and the ALJ must develop the record, the claimant bears a greater duty and is better positioned to do so.[16] See id.; see also Fargnoli, 247 F.3d at 42 (noting that

---

[15] A record is inadequate if it not developed enough to allow for a determination of whether the claimant is disabled. 20 C.F.R. § 404.1512(e), 416.912(e).

[16] Claimant's duty to develop the record includes providing a complete medical history (with records for at least

-17-

there is no requirement for the ALJ to discuss or refer to every piece of evidence in the record, so long as the reviewing court can discern the basis for the ALJ's decision).

Magistrate Judge Rice found that the ALJ had reviewed an adequate record developed by both the ALJ and Plaintiff. First, Plaintiff testified that her diabetes began to require insulin three months prior to the hearing, but provided no medical evidence in support of this statement. The ALJ offered to keep Plaintiff's file open post-hearing to afford Plaintiff the opportunity to supplement her claim with medical evidence, and did so for two weeks. See also Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (finding that the ALJ may discharge his duty to develop the record, e.g., investigate facts and develop arguments for and against granting benefits, "by keeping the record open after the hearing to allow supplementation of the record"). A non-attorney representative from Community Legal Services, Vicky Eugene, represented Plaintiff at the hearing and stated updated records had been requested from Dr. Abramson, yet failed to file updated medical records in the following two weeks.

Therefore, after reviewing multiple sources of medical

---

the twelve months prior to the disability application's filing) and getting medical expert testimony. See Rep. and Recommendation at 17 (citing Homes, 2007 WL 95163 at *7; 20 C.F.R. § 1512(d)).

recordation (i.e., Plaintiff's 2007 disability questionnaire, disability reports, x-ray evidence, doctors' notes and testimony), Magistrate Judge Rice properly determined that the ALJ satisfied his duty to investigate a fully developed record. See Rep. and Recommendation at 19.

## III. CONCLUSION

Magistrate Judge Rice reviewed the record and found that substantial evidence supported the ALJ's determination that Plaintiff's physical and mental impairments are not "severe" within the meaning of the SSI and that the ALJ did not have a duty to further develop the already "adequate" record. Because the Court is bound by the ALJ's findings of fact where supported by substantial evidence and in accordance with Magistrate Judge Rice's recommendation, Plaintiff's objections are overruled and Plaintiff's motion for summary judgment is **DENIED**. The report and recommendation is adopted and judgment will be entered for Defendant and against Plaintiff. An appropriate order follows.